Per Curiam.
The appellee recovered judgment against the appellant for $1,000, of which, as the appellee alleged, the appellant had defrauded him. The case is here by appeal from that judgment.
The complaint stated that the plaintiff, the defendant and two others, were the owners of a mining claim, the interest of each being an undivided one fourth; that the defendant by representing that he could sell the whole claim for $46,000, or $11,500 for each quarter interest, induced the plaintiff to execute and place in escrow a deed for his interest to W. S. Stratton, at the agreed price of $11,500. The complaint further averred that at the time the representation was made, the defendant had perfected arrangements for the sale of the property to W. S. Stratton at the price of $50,000, or $12,500 for each quarter interest, which sale was afterwards consummated, and $12,500 paid to the defendant for the plaintiff’s interest, of which money the defendant accounted to the plaintiff for $11,500 only, fraudulently appropriating to himself the remaining $1,000; that upon the payment to the plaintiff of the $11,500 his deed in escrow was delivered to the purchaser, and that he had no knoAvledge of the facts of the transaction until a considerable time afterwards. The allegations of the complaint were put in issue by the answer. When the plaintiff rested a motion in behalf of the defendant for a nonsuit Avas denied.
The printed document filed for the appellant as an abstract of the record shows that Avitnesses were sworn and examined in behalf of both parties to the suit, .but except the statements of the defendant himself, made upon his cross-examination by the plaintiff’s counsel, none of the testimony is found in the abstract. Errors are assigned upon the denial of the motion for a nonsuit, the admission *319 of testimony for the plaintiff, the overruling of the defendant’s objections to questions asked the defendant and one of the defendant’s witnesses by the plaintiff’s counsel, and the giving and refusal of instructions.
By reason of the condition of the abstract, we .have no data on which to base an opinion concerning the propriety or impropriety of the rulings complained of, and must therefore presume that they were correct.
But it is said that the judgment should be reversed on account of an admission by the plaintiff in open court, by which he was bound, and which was fatal to his case no matter what the evidence may have been. There was an agreement between counsel at the trial that Mr. Stratton, if present, would testify that he paid $50,000 for the claim, and that before he bought the property, the plaintiff spoke to him about it, and he advised the plaintiff not to pay any commission to any one on account of the sale. One of the attorneys for the defendant then said: “That is, it is admitted that Mr. Spohr talked with Mr. Stratton about the sale of the property to himself, Mr. Stratton; that is what the plaintiff admits in connection with the other admission that it was sold for $50,000.” The attorney for the plaintiff replied, “Yes, sir.” In relation to this counsel ask: “After that admission will any intelligent man say that the plaintiff relied upon what the defendant told him ? When he talked to the purchaser himself about the sale and was advised by the purchaser not to pay any commission on the sale, can he say that he relied on what the defendant told him ? ” We are unable to see the pertinency of these questions. There was no admission by the plaintiff except that he talked with Mr. Stratton about the sale of the property to him, Stratton. What lie said to Stratton or what Stratton said to him was not included in the admission, and how the mere fact that he talked with Stratton can affect any of his rights, passes our understanding. He knew that Stratton was the purchaser, because he had executed, and placed in escrow, a deed to Stratton; so that if the conversation was confined to the bare *320 fact of Stratton’s purchase, he learned nothing from it that he did not know before. To enable us to say that, as to anything material in connection with the transaction, he relied on Stratton rather than on the defendant, we must know what Stratton said, and as the admission did not embrace that, it amounted to nothing.
It is said that the court erred in admitting testimony of the defendant, brought out on his cross-examination by the plaintiff’s counsel. The cross-examination is in the abstract. In answer to a question, the defendant testified that Mr. Stratton paid $50,000 for the property. He was then asked what was done with the $4,000. The question was objected to in behalf of the defendant, on the ground that under the pleadings it was immaterial. He answered that he got $2,000 of it. The complaint averred that $1,000, the plaintiff’s share of the difference between $50,000 and $46,000, was appropriated by the defendant. The question was therefore warranted by the complaint, and the answer of the witness tended to sustain the averment.
In behalf of an appellant, or plaintiff in error, we never look outside of the abstract, and unless enough appears in it to warrant a reversal, we leave the judgment below undisturbed. Otto v. Mill, 11 Colo. App. 431. In the absence of any showing why the judgment should be reversed, it will be affirmed.

Affirmed.