[No. 5344.]
[No. 2990 C. A.]

## BIRMINGHAM ET AL. v. THE PEOPLE.

1. **Intoxicating Liquors—Sunday Observance—Statutory Construction—Prima Facie Evidence.**

Section 1346d, 3 Mills' (Rev.) Stats., provides that saloons shall be closed on Sunday, that during such times no liquors shall be sold or given away, that no person not employed in the business shall be permitted to remain in or about such place, and that, if it appear that a person not so employed be permitted to remain in the saloon, such fact shall be prima facie evidence of the guilt of the accused party. Held, that such fact is prima facie evidence of the guilt of the accused of the violation of any and all of the above provisions of the statute.—P. 364.

2. **Same—Instructions.**

In a prosecution under 3 Mills' (Rev.) Stats., § 1346d, for keeping a saloon open on Sunday, an instruction, "that the court instructs the jury that if it shall appear from the evidence that a person or persons not employed in and about the saloon was permitted to remain in the saloon, such fact is by law made prima facie evidence in favor of the guilt of the party or parties who may have permitted such persons to be in the saloon," correctly states the law.—P. 365.

3. **Same.**

In a prosecution under 3 Mills' (Rev.) Stats., § 1346d, an instruction is not erroneous which is to the effect that in order to constitute the offense charged it is not necessary that the saloon be kept open in the same manner as on week days, and that the law is violated if the saloon is so kept that access may be had thereto by parties not employed about the saloon, and it is not material whether the door is kept open, "or is only opened on application for admission," since to rule that a place is not "open," which is opened to every one who applies for admission, would be to destroy that part of the statute requiring saloons to be closed during certain hours.—P. 365.

4. **Appellate Practice—Instructions—Refusal—Assignments of Error—All Instructions Not Included in Abstract.**

Assignments of error based upon the trial court's refusal to give certain instructions, will not be reviewed where all the instructions given are not included in the abstract.—P. 365.

*Error to the County Court of Logan County.*
*Hon. D. C. Smith, Judge.*

Harry Birmingham and Ed. Clayton were convicted of a violation of the saloon law, and bring error.                                    *Affirmed.*

Messrs. McCONLEY & BURKE, for plaintiffs in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, assistant attorney general, for the people.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiffs in error were jointly informed against, tried and convicted of a violation of § 1346d, 3 Mills' (Rev.) Stats., for keeping open and failing to keep closed a saloon on the first day of the week, commonly called Sunday.

From a sentence imposing a fine against each, this writ of error was sued out of the court of appeals.

For a reversal of the judgment they urge: (1) That the verdict is against the evidence; (2) Error in the instructions given; (3) Error in refusing instructions requested.

1. A reading of all the evidence contained in the abstract satisfies us that the guilt of plaintiffs in error was abundantly established.

2. The court instructed the jury: "The court instructs the jury that if it shall appear from the evidence that a person or persons not employed in and about the saloon was permitted to remain in the saloon, such facts is by law made *prima facie* evidence in favor of the guilt of the party or parties

who.may have permitted such persons to be in the saloon.''

The statute for the violation of which plaintiffs in error were prosecuted, provides that saloons shall be closed from 12 o'clock at midnight on Saturday of each and every week and kept closed until 6 o'clock in the morning of the following Monday of each and every week; that during the prohibited hours no liquors of any kind shall be sold, bartered, exchanged or given away, and that no person or persons whomsoever, other than those connected with the business of carrying on or keeping the saloon, shall be permitted to be or remain in or around the same. The last paragraph of this section of the statute is:

''And if it shall appear that a person or persons not employed in and about the business as aforesaid shall be permitted to remain in the said saloon or other place or places as aforesaid, such fact shall be *prima facie* evidence in favor of the guilt of the accused party or parties.''

By the statute three things are forbidden: 1, Keeping open a saloon during certain hours; 2, selling liquor within the same hours; 3, permitting persons not connected with the business to be or remain in or around the saloon during the prohibited time.

It is said that the paragraph last above quoted applies only to that clause of the statute relating to the selling of liquors. We cannot agree with this construction. We think that it means that if it appears that any person or persons not connected with the business shall be permitted to remain in the saloon, such fact shall be *prima facie* evidence of the guilt of the accused party of the violation of any and all of the provisions of the statute.

In this view of the statute the instruction correctly stated the law.

There was no error in the instruction as to the meaning of the word "open" as used in the statute, to the effect, that in order to constitute the offense charged, it is not necessary that the saloon be kept open in the same manner as on week days, and that the law is violated if the saloon is so kept that access may be had thereto by parties not employed about the saloon, and it is not material whether the door is kept open, *or is only opened on application for admission.*

The words italicized are objected to as being misleading. To rule that a place is not "open," which is opened to every one who applies for admission, would be to destroy a very important part of the statute, to wit, that part of the same requiring saloons to be closed during certain hours, the offense which plaintiffs in error were charged with having committed. The instruction correctly stated the law.

3. We cannot consider the assignments of error predicated upon the refusal of the court to give certain instructions requested, for the reason that of the fourteen instructions given, but four are set forth in the abstract furnished by plaintiffs in error, beyond which we are not required to go, and unless enough appears in the abstract to warrant a reversal, the judgment will be undisturbed.—*Otto v. Hill.* 11 Colo. App. 431; *Johnson v. Spohr,* 12 Colo. App. 317.

Let the judgment be affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and MR. JUSTICE CASWELL concurring.