[No. 5998.]

## McFADDEN v. PYNE ET AL.

1. **Contracts — Construed —** A memorandum delivered to a land broker with a plat of certain lands, describing the improvements and stating the terms of sale as "$4,000, one-half cash, &c. Commissions, $500," does not authorize the broker to effect an exchange of the lands for other lands.—(322)

2. **Evidence—Parol Inadmissible—** A writing authorizing the sale of particular lands and specifying the terms of sale, what amount will be required in cash, what time will be allowed on the residue, at what rate of interest and what commissions will be paid to the broker, is a completed document, and not open to explanation by parol.—(321-322)

3. **Continuance—** A continuance should not be granted to enable the party to produce immaterial testimony; nor upon the trial in the county court of a case appealed from a justice, to enable the plaintiff to call the justice as to what occurred before him, when several who were present before the justice were also present in the county court.—(322)

4. **Appeals—Abstracts and Briefs —** When the instructions given are not set forth in an abstract, error assigned upon the instructions refused will not be considered.—(323)

*Error to Delta County Court—*Hon. FRED N. DICKERSON, Judge.

Mr. M. FAIRLAMB, for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

This action was commenced before a justice of the peace by plaintiff in error against the defendants in error to recover commission as a real estate broker upon an alleged sale or exchange of property of one of the defendants. After trial in the justice court the case was appealed to the county court, where

upon trial, *de novo*, a judgment, adverse to plaintiff, was entered, which this suit is prosecuted to reverse.

The defendants are husband and wife and the latter was the owner of a small farm or tract of land which was listed by the husband with the plaintiff for sale, the plaintiff claiming, however, that it was also listed for exchange, the latter fact being denied by defendants. The memorandum placing the property in the hands of plaintiff was signed by defendant W. E. Pyne, who, however, at the time informed plaintiff of the ownership of the property. The memorandum consisted of a plat of land, gave the number of acres, and the amount in cultivation, described the house and other improvements, together with the water rights and stated the terms of sale, "$4,000, one-half cash, balance $2,000 five years at 8%; commission $500."

At that time plaintiff had on his books, for sale, certain property of one Dixon and claims that defendant B. S. Pyne, verbally, by her husband, authorized him to trade her property for that of Dixon. Subsequently the Pyne property was exchanged for the Dixon property. Both Pyne and Dixon testified, however, in effect, that the trade was consummated through the instrumentality of one Boggs, and that plaintiff had nothing whatever to do with the transaction, nor had he ever been employed or authorized to make an exchange of said properties or either of them. The record wholly fails to disclose what, if any, compensation plaintiff was to receive from defendants, or either of them, if such an exchange of properties were made, nor does it disclose the reasonable value of plaintiff's services, if he rendered any in that behalf. Upon the submission of defendants' evidence, plaintiff claimed that two of defendants' witnesses, W. E. Pyne and said Dixon, had materially, and to his prejudice, changed their testimony

from that given by them respectively on the trial of
the case in the justice court, and, upon their denial
of any change, moved a continuance of the hearing
until the next day, to enable him to secure the con-
stable and justice of the peace who tried the case and
thus controvert said witnesses in that respect.   The
motion was denied.

The court nonsuited the plaintiff as to W. E.
Pyne, and instructed the jury that the evidence was
insufficient to warrant a recovery under the written
authority to sell, but submitted the case upon the
theory of a verbal authorization to make an exchange
of the properties.

Plaintiff contends that the court erred in dis-
missing the action as to W. E. Pyne, and instructing
the jury that no recovery could be had upon the
written memorandum, but we are unable to agree
with him in that respect.   It is clearly evident that
the written memorandum which Pyne signed would
be the only basis of a judgment against him, if he
could be held liable at all.  No pretense is made that
a deal was consummated in accordance with that
agreement, but it is argued that under the authority
of *Messenger v. Woge,* 20 Col. App. 275, the instru-
ment is a memorandum only of a parol agreement
already made in order to avoid future misunder-
standings, and that parol testimony, said to authorize
an exchange of said properties, supplements its state-
ments, and that the two constitute the agreement be-
tween the parties.   It is true that where a memo-
randum is so imperfect as not to constitute an instru-
ment in writing, parol evidence may be admissible to
ascertain the real facts, and it may be likewise true
as argued by plaintiff that a written authority to sell
land may be explained by parol testimony when silent
as to whether sale may be on credit or for cash, but

the fault of the argument lies in the fact that the memorandum under consideration is a written instrument and is not silent as to whether sale may be on credit or for cash. On the contrary, the particular terms of sale are stated, that portion of the selling price to be paid in cash is designated, and likewise the portion on time, and the particular period and rate of interest is specified, as well as the commission to be paid. If plaintiff was ever authorized to negotiate an exchange of the Pyne property it was not by the written memorandum under consideration; that instrument is complete in itself and authorized a sale, not an exchange. Besides, the institution of the suit in the justice court of itself precludes the plaintiff basing his cause of action upon the written memorandum, as the commission therein specified exceeds the jurisdiction of that court.

The trial court did not err in refusing the continuance asked. The granting or refusing of a motion for continuance is in the sound discretion of the court, and it is only in cases where there has been an obvious abuse of discretion that the reviewing tribunal will reverse the ruling of the trial court. No such abuse is apparent here. On the contrary, the action of the court in that respect is manifestly correct. The testimony constituting the alleged surprise was drawn forth by plaintiff upon cross-examination, and as to Pyne was a denial that he had admitted in his testimony before the justice of the peace that plaintiff had mentioned to him Dixon's property, and that "a deal might be made between them"; and as to Dixon, it was to the effect that he had not testified in the justice court, "that early in February, 1905, plaintiff had shown him the plat or memorandum of the Pyne property and that he recognized it as the plat in evidence." Clearly the refutation of these denials, and the establishment of

the admission as claimed by plaintiff were not of sufficient materiality and importance to require the trial court to postpone the hearing to enable plaintiff to secure evidence to that end.  Moreover, it appears that several persons were then present, and called as witnesses, who were also present at the trial of the case in the justice court and heard the entire testimony, but were unable to say that the testimony given in this trial, by said Pyne and Dixon, was in any wise different from that given by them respectively in the former ·trial.  Neither does it appear in the motion for new trial, or otherwise, that plaintiff would have been any more successful in establishing the alleged change in the testimony of said witnesses by the persons whose absence was set forth as the ground for continuance, than he was by those testifying.

Objections were interposed by plaintiff to the refusal to give certain instructions.  He, however, has failed to set forth in his printed abstract of record the instructions given, and, therefore, we are not required to examine the transcript to ascertain whether prejudicial error intervened by the refusal to give those requested.  It is quite possible that the very instructions requested and refused were fully covered in the charge given.—*Otto v. Hill,* 11 Col. App. 431, 432; *Birmingham v. People,* 40 Colo. 362, 365.

It devolved upon plaintiff to establish his case, and this he signally failed to do.  The court could properly have taken the case from the jury at the close of plaintiff's testimony.  We find no error in the record as presented here, and the judgment is, therefore, affirmed.                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.