330 P.2d 965

Elden V. TAYLOR, d/b/a Eldén Taylor, Realtor, Plaintiff-Appellant,

v.

Orlando R. UNGER and Nell R. Unger, his wife, Defendants-Appellees.

No. 6429.

Supreme Court of New Mexico.

Oct. 20, 1958.

Paul E. Keefe, Albuquerque, for appellant.

Julian S. Ertz, Albuquerque, for appellees.

COMPTON, Justice.

Appellant, plaintiff below, appeals from an order dismissing his complaint in which he seeks to recover broker's commission for services rendered appellees.

The decisive question is whether the action is barred by reason of the provision of Section 70–1–43, New Mexico Statutes Annotated, which reads:

"Any agreement entered into subsequent to the first day of July, 1949 authorizing or employing an agent or broker to purchase or sell lands, tenements, or hereditaments or any interest in or concerning them, for a commission or other compensation, shall be void unless the agreement, or some memorandum or note thereof shall be in writing and signed by the person to be charged therewith, or some other person thereunto by him lawfully authorized. No such agreement or employment shall be considered exclusive unless specifically so stated therein."

On August 9, 1954, the parties entered into a written agreement whereby appellant was given exclusive authority for a period of six months to sell Forrest Park Ranch for appellees for a price of $48,000,

with a minimum down payment of $15,000 and balance on monthly payments. The agreement further provides:

"We hereby appoint Elden V. Taylor, Realtor, 4210 Central, S.E., Albuquerque, New Mexico, as our agent with the exclusive right to sell for the price and terms heretofore stated *or for any lesser price and terms acceptable to me* during the next 6 months. (Emphasis ours.)

"We further agree to pay said agent five percent of the selling price so accepted, and New Mexico State Sales Tax, on any sale consummated with any party he may have shown said property or negotiated with during term stated, or may be consummated with said party by any person or persons, within ninety (90) days after termination of this contract."

Timely, on February 5, 1955, appellant found a purchaser, Alan Pope, who made an offer of $46,000 for the property, with a down payment of $5,000, balance payable $300 monthly with interest. The offer was communicated to appellees and the price was acceptable; however, appellees suggested a down payment of $7,000 since they had planned to purchase a new automobile if they made the sale. Pope had previously advised appellant that he would make a cash payment of $7,000 or more if necessary. This fact was also communicated to appellees at the time, and the offer was then acceptable in all respects. Appellees then called their attorney and made an appointment with him for the 8th day of February, 1955, at which time the necessary papers were to be drawn in closing the deal. At the time stated, both appellees and the appellant went to the attorney's office pursuant to the appointment. The deal was explained to the attorney, after which appellees directed him to draw a binder providing for a total sales price of $46,000, $7,000 cash and the balance at the rate of $300 per month, with interest on deferred payments. Appellant was to call for the binder at 4:00 P.M. that day, take it first to appellees for their signature, then to Pope for his. When appellant went for the binder, however, the attorney informed him that appellees had advised him not to draw it. Despite appellant's efforts to locate them to ascertain the cause for refusal to consummate the deal, they could not be located that day. The next day, however, they informed appellant that the deal was off and that they had already given a lease on the property with an option to the lessee to purchase. Actually, the property was sold by appellees shortly thereafter to a Mr. Williams for exactly the same price and on the same terms as previously submitted by Pope and accepted by them. Incidentally, appellees knew that Williams had been negotiating with appellant for the purchase of the property.

Appellees refused to pay the commission and this action followed. At the close of appellant's case, the trial court sustained a motion to dismiss on the ground that the acceptance of Pope's offer by appellees was oral, and varied the terms and conditions of the listing agreement. Accordingly, an order of dismissal was entered and appellant has prosecuted an appeal to this court for the review and correction of alleged errors.

We think the trial court fell into error. The written agreement itself provided for the payment of a commission on any acceptable selling price. The offer and acceptance of a lower price did not change the terms or conditions of the written agreement. Possibly, if the agreement had been silent as to payment of a commission on a lesser price and on different terms, a different holding would be warranted but we need not discuss the question at length. We merely mention the fact that some courts in construing similar statutes, hold that when a note or memorandum is sufficient to show authority in the agent to act as to a definite piece of property, other terms, such as an agreement to pay a commission or even the amount, may be shown by parol, Moore v. Borgfeldt, 96 Cal.App. 306, 273 P. 1114, while others hold that where subsequent terms are agreed upon, such changes must also be reduced to writing, so long as the contract remains executory. Cobb v. Warren, 64 Mont. 10, 208 P. 928; Bateman v. Richard, 105 Okl. 272, 232 P. 443; McFadden v. Pyne, 46 Colo. 319, 104 P. 491.

It follows the judgment must be reversed with direction to the trial court to reinstate the cause upon his docket and proceed in a manner consistent with the views expressed in this opinion. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and SHILLINGLAW, JJ., concur.