**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Marvin Ferris BREATON, Defendant-**
**Appellant.**

**No. 14428.**

United States Court of Appeals
Sixth Circuit.

June 13, 1961.

David W. Matthews, of Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellant.

Carl F. La Rue, Sp. Asst. U. S. Atty., Toledo, Ohio, Russell E. Ake, U. S. Atty., Cleveland, Ohio, and Carl F. La Rue, Sp. Asst. U. S. Atty., Toledo, Ohio, on brief, for appellee.

Before McALLISTER, CECIL and WEICK, Circuit Judges.

PER CURIAM.

Appellant has appealed from an order of the District Court denying his motion to vacate sentence. A transcript of the record of the hearing was furnished at Government expense. We appointed counsel for him here who ably presented his claims of error.

Breaton was convicted by a jury in the District Court on two counts of an indictment charging bank robbery. He was sentenced to serve 20 years on one count and 25 years on the other, the sentences to run concurrently and was fined $10,000. He did not appeal from the judgment of conviction.

In his motion to vacate, Breaton claimed that he was insane at the time of his trial and also at the time the alleged offense was committed. He further claimed that he did not have effective assistance of counsel at his trial.

The District Court granted a hearing on his motion to vacate and appointed competent counsel to represent him. Appellant offered no evidence at the hearing in support of his motion. The Government, on the other hand, offered evidence to establish that appellant's claims were unfounded. Appellant, at the hearing, sought to make out his case by cross-examination of the Government's witnesses. In this, he was unsuccessful.

Two expert medical witnesses were offered by the Government. They both specialized in psychiatry and one of them was employed at U. S. Medical Center at Springfield, Missouri where appellant was under treatment. Both doctors gave their opinions that Breaton was not insane at the time of his trial, but had possession of his faculties and was fully able to understand and appreciate the nature of the proceedings and cooperate with his counsel in the defense of the case. Cross-examination of these witnesses proved ineffectual.

Appellant claims that the District Judge should have directed a further inquiry into his mental condition at the time the alleged crime was committed. Appellant had the opportunity of offering evidence to this effect in the District Court if he desired to do so. He did not avail himself of this privilege. We see no duty on the part of a judge, on his own initiative, to direct an inquiry into this subject. The proceeding in the District Court was an adversary one. Both parties were represented by able counsel, the one assigned by the court to represent appellant being a former Assistant United States District Attorney. It was not the function of the judge to assume the role of a partisan. Since appellant was unable to prove insanity at the time of trial, there is no reason to believe that he could have established insanity at the time of the offense. We can only assume that counsel did not go into this subject because he could not prove it.

It is further claimed that appellant lacked the effective assistance of counsel at his criminal trial. The evidence disclosed that he was represented by a lawyer of his own choice who was an experienced and able trial lawyer. The lawyer conducted a vigorous defense

of his client in the best traditions of his profession. Appellant's trouble was not with his lawyer, but with the evidence which was against him. Appellant was positively identified as one of the bank robbers. He was unable to secure witnesses to establish an alibi. His lawyer did the best he could with the materials he had on hand.

In any event, the burden of proof was upon appellant to prove the grounds set forth in his motion to vacate. He not only failed to do this, but the Government offered affirmative proof establishing that they were without foundation.

Other errors were claimed, but we deem them without merit.

The order below is affirmed on the findings of fact and conclusions of law of District Judge Kloeb.