432 P.2d 411

**STATE** of New Mexico, Plaintiff-Appellee,

v.

Manuel **CHAVEZ**, Defendant-Appellant.

No. 8373.

Supreme Court of New Mexico.

Oct. 9, 1967.

Dan B. Buzzard, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant's appeal from a denial of post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Interim Supp.1966), raises issues concerning (1) the burden of proof and (2) the uncontradicted evidence rule.

Defendant was convicted of rape. In the post-conviction proceeding he asserts that he did not have a fair trial by an impartial jury. Thus, he asserts a violation of Article II, § 14 of the New Mexico Constitution and the Fourteenth Amendment to the Constitution of the United States. This contention was not presented in his prior habeas corpus proceedings in this court. No. 374 H.C.; No. 569 H.C.

Defendant claims he did not have a fair trial because of (1) prejudicial publicity, (2) threats against the defendant and (3) threats to the jury. After hearing the evidence, the trial court found there was insufficient evidence to establish the claims.

The only evidence presented was by witnesses called by defendant. The State limited its case to cross-examination of these witnesses. Because the State called no witnesses, defendant contends no question is presented as to evidence that supports the findings. He contends that the uncontradicted evidence rule applies.

After a hearing held under § 21–1–1(93), N.M.S.A.1953 (Interim Supp. 1966), the trial court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." The court makes its findings on the basis of the evidence presented; findings made are required to have support in the evidence. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964).

As a general proposition, unimpeached and uncontradicted sworn testimony must be accepted as true. Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135 (1953); Frederick v. Younger Van Lines, supra. If, in this case, the evidence is unimpeached and uncontradicted, the general rule is applicable and findings which disregard such evidence are lacking in support.

Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940), lists situations where the general rule does not apply. See Frederick v. Younger Van Lines, supra, and cases therein cited. It does not apply where the testimony is equivocal.

Defendant has the burden of establishing his claims. State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967; United States v. Breaton, 290 F.2d 856 (6th Cir. 1961). If the evidence before the court is accepted as true and that evidence fails to establish the claim made, the failure of proof requires that relief be denied.

We examine the evidence in the light of these rules.

*Prejudicial Publicity.* The publicity claimed is a newspaper article. The article is not in evidence, although defendant claims to have read it. According to defendant, the article attributes certain remarks to the assistant district attorney. The alleged remarks are—that defendant was an animal; that he would see that defendant was put in the penitentiary. The prejudice claimed is that one unidentified prospective juror stated upon voir dire questioning that he had seen publicity concerning defendant. Defendant didn't believe that his attorney struck this prospective juror. The record shows that defendant used only three of his peremptory challenges.

The integrity of a jury is destroyed if one of the jurors serves while concealing bias. State v. Sims, 51 N.M.

467, 188 P.2d 177 (1947); State v. McFall, 67 N.M. 260, 354 P.2d 547 (1960). If we assume the prospective juror who had seen "publicity" actually saw the newspaper article, and if we further assume that this prospective juror actually served on the jury, we still have an absence of proof. There is no evidence that this juror was influenced by the article or that the juror was prejudiced against defendant. State v. Ortega, 77 N.M. 312, 422 P.2d 353 (1966). This claim fails for lack of proof.

■ The United States Supreme Court has held that there may be a denial of due process because of publicity even though no direct showing of prejudice is made. Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, rehearing denied 382 U.S. 875, 86 S.Ct. 18, 15 L.Ed.2d 118 (1965); Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Rideau v. State of Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959). The facts of this case are not in any way comparable to the facts of the above-cited cases, either in kind or degree; nor is the possible prejudice resulting therefrom in any sense similar.

*Threats Against Defendant.* Defendant claims that the husband of the raped woman threatened him. He says there were two threats.

■ He claims the husband threatened him with a gun during the trial. He bases this claim on the fact that the husband sat in the audience during the trial and that during the trial the husband was searched for a gun. The search occurred out of the presence of the jury; no gun was found. This evidence doesn't establish a threat.

■ He claims that the husband ran his car off the road, invited defendant and three others to a dump, fought with the three others at the dump and told the defendant he would "get him." According to defendant, this incident occurred three months before defendant was charged with the rape.

Accepting this evidence as true, it establishes a threat prior to defendant's trial. However, there is nothing to show how this evidence affected defendant's trial or the jury. This claim fails for failure of proof.

■ *Threats to the Jury.* Defendant claims the husband of the prosecuting witness made a threat to the jury. The alleged threat was to kill the defendant if he was not imprisoned. Testimony as to this threat was given by defendant's father and defendant's wife.

The father testified that the husband talked with the jury, but he didn't hear what was said.

As to the threat, the wife testified the husband said if defendant was not imprisoned, he would kill "them." She wasn't sure whether this was a threat against the jury or against defendant.

The threat was allegedly made in the hall of the courthouse during noon recess. The wife testified the threat was made to a male juror. She was alone at the time. She doesn't know how many people were in the hall. She doesn't know the name of the person to whom the threat was made and couldn't describe that person. She "guessed" the person was a juror, because the jury was in the hall. The court asked her if the man was on the jury. She replied, "I am not certain whether he was or not but I think he was because all the jury was there."

If this testimony were accepted as true, it would establish a threat to the jury during the course of the trial and raise a serious question of probable prejudice in violation of due process. See Estes v. State of Texas, supra. However, the testimony was equivocal; the trial court was not required to accept it as true.

■ It was for the trial court, and not this court, to judge the credibility of the witnesses and the weight to be given the evidence. State v. Romero, 76 N.M. 449, 415 P.2d 837 (1966). The trial court found the evidence insufficient to establish the al-

leged threat to the jury. This claim fails for lack of proof.

The order denying post-conviction relief is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.