437 P.2d 125

Charles HERRELL and H. G. O'Dell, d/b/a Herrell-O'Dell Realty, a partnership, Plaintiffs-Appellants,

v.

Rowena S. PINER, Defendant-Appellee.

No. 8374.

Supreme Court of New Mexico.

Jan. 29, 1968.

Brenton & Fettinger, Norman D. Bloom, Jr., Alamogordo, for appellants.

Wilkinson, Durrett & Conway, Alamogordo, for appellee.

## OPINION

SPIESS, Chief Judge, Court of Appeals.

This is an appeal by plaintiffs, licensed real estate brokers, from an adverse judg-

ment in an action to recover a commission under a listing agreement.

Plaintiffs relied upon the agreement. The pertinent portion is as follows

"In consideration of services to be rendered, I hereby give to Herrell & O'Dell Realty of 720 S. Penn – Alamogordo, New Mex., the exclusive
                                                                    (state if exclusive)

right to sell my property as listed above, for the

Until notified by owner ----day period from _____ 19_____ to _____ 19_____, and within _____ days thereafter to parties with whom said Broker negotiated during said period, provided said Broker notifies me in writing of said negotiation.

"If a sale or exchange is effected Anyone, during their agency for the above described property, I agree to pay them 10% per cent of the selling price, as commission for their services, and to furnish satisfactory title to said property."

———◆———

The sale price specified in the contract is the sum of $100,000.00. The execution of the agreement by the parties is admitted. It is likewise admitted that thereafter the property was sold by the defendant herself for a consideration of $64,000.00.

In defense it was asserted that the listing agreement had been terminated prior to the sale. The trial court so concluded. The principal question presented upon this appeal is whether the evidence warranted such conclusion. It is clear from the agreement that plaintiffs were given an exclusive right to sell and compensation was due them in accordance with its terms if "anyone", which would include the defendant, made a sale while the agreement was in effect even though plaintiffs were not the procuring cause. See Halbert v. Block-Meeks Realty Co., 227 Ark. 246, 297 S.W.2d 924 (1957); Pfarner v. Poston Realty & Insurance Agency, Inc., 109 Ga.App. 14, 134 S.E.2d 835 (1964); Byers Bros. Real Estate & Ins. Agency, Inc., v. Campbell, Mo.App., 329 S.W.2d 393 (1959); Fleetham v. Schneekloth, 52 Wash.2d 176, 324 P.2d 429 (1958).

The evidence upon which the court determined that the agreement was terminated will be summarized.

After entering into the listing agreement defendant having moved to another state

wrote plaintiffs to inform them that she had a purchaser and to inquire whether they had secured a buyer. The portion of the letter considered as effecting a termination of the agreement is set forth as follows:

"* * * What have you done with my business mess—have you had any offers on the land?—I've been made one (for what I want). I had this pending, but the man did not have enough for the down-payment—so now he does, so I wanted to know if you had anything better—nothing like being greedy. I'll wait until I hear from you before I give that man an answer—let me know soon—don't want to lose a deal."

In response to this letter plaintiffs wrote defendant requesting that she refer the purchaser to them. Receiving no reply an agent of plaintiffs' called defendant by telephone and talked to her husband who stated to the agent that defendant had received an offer but there were some details yet to be worked out and that defendant and her husband would handle the sale of the property themselves. It appears to be undisputed that defendant's husband did act as her agent.

Based solely upon defendant's letter and the telephone conversation between plaintiffs and defendant's husband the trial

court concluded that the listing agreement had been terminated.

We find no language in either the letter or telephone conversation which can reasonably be construed as effecting a termination of the agreement. To our mind defendant's letter indicates a recognition on her part of the continued existence of the agreement rather than election to terminate it. The agreement, as we have said, provided for the payment of a commission to plaintiffs if the defendant herself effected a sale while it was in effect. Consequently, the statement by defendant's husband during the telephone conversation to the effect that defendant intended to handle the sale would not serve as a basis for properly concluding that she had terminated the agreement.

■■ In our opinion the evidence does not support a conclusion that the listing agreement was terminated before defendant effected the sale.

Findings and conclusions not supported by substantial evidence will not be sustained upon appeal and a judgment based thereon must be set aside. See Tyner v. DiPaolo, 76 N.M. 483, 416 P.2d 150 (1966); Shelley v. Norris, 73 N.M. 148, 386 P.2d 243 (1963); Bogle v. Potter, 72 N.M. 99, 380 P.2d 839 (1963); Menger v. Otero County State Bank, 44 N.M. 82, 98 P.2d 834 (1940).

Defendant finally relying upon § 70-1-43, N.M.S.A.1953, contends that plaintiffs not having an agreement in writing for the price at which the property was sold cannot recover a broker's commission. The statute so relied upon is as follows:

"Any agreement entered into subsequent to the first day of July, 1949, authorizing or employing an agent or broker to purchase or sell lands, tenements, or hereditaments or any interest in or concerning them, for a commission or other compensation, shall be void unless the agreement, or some memorandum or note thereof shall be in writing and signed by the person to be charged therewith, or some other person thereunto by him lawfully authorized. No such agreement or employment shall be considered exclusive unless specifically so stated therein."

■ There is no merit to this contention. The written agreement itself, in providing for payment of a commission of a percentage of the "selling price" provided for the payment of a commission on any acceptable selling price. The completion of the sale at a lower price did not change the terms or conditions of the written agreement. See Taylor v. Unger, 65 N.M. 3, 330 P.2d 965 (1958).

■ Relying on Yrisarri v. Wallis, 76 N.M. 776, 418 P.2d 852 (1966), and Taylor v. Unger, 65 N.M. 3, 330 P.2d 965 (1958), defendant further argues that if there was a modification of the $100,000.00 sale price as expressed in the written agreement it must also be considered as modifying the exclusiveness of the listing.

In our opinion there is no merit to this contention nor does Yrisarri v. Wallis, supra, or Taylor v. Unger, supra, lend support to the contention.

The judgment of the trial court is reversed and the case remanded with instructions to vacate the present judgment and to enter judgment in favor of plaintiffs consistent with the views expressed in this opinion.

It is so ordered.

NOBLE and COMPTON, JJ., concur.