450 P.2d 198

Anselmo M. LUCERO, Plaintiff-Appellant,

v.

LOS ALAMOS CONSTRUCTORS, INC., Employer, and the Zia Company, Employer, and United States Fidelity and Guarantee Company, Insurer, Defendants-Appellees.

No. 255.

Court of Appeals of New Mexico.

Jan. 24, 1969.

James E. Thomson, Zinn & Donnell, Santa Fe, for appellant.

Fred C. Hannahs, Sumner G. Buell, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for appellees.

## OPINION

OMAN, Judge.

Plaintiff appeals from a judgment awarding him workmen's compensation benefits on the basis of 30% permanent disability of the body as a whole. His position is that the trial court's finding of fact that he is permanently disabled only to this extent is not supported by substantial evidence.

As part of his case, plaintiff offered the testimony of two medical doctors. One of these doctors gave it as his opinion that plaintiff was 50% permanently disabled, and the other's opinion was that the permanent disability was 75%. Plaintiff contends that the trial court was obliged to enter judgment for him based on at least a 50% permanent disability.

He relies upon the cases of Herrell v. Piner, 78 N.M. 664, 437 P.2d 125 (1968); Ross v. Sayers Well Servicing Company, 76 N.M. 321, 414 P.2d 679 (1966); Ortega v. New Mexico State Highway Department, 77 N.M. 185, 420 P.2d 771 (1966), and Reed v. Fish Engineering Corporation, 76 N.M. 760, 418 P.2d 537 (1966).

Herrell v. Piner, supra, is cited as support for the often repeated rule that findings must be supported by substantial evidence, and that a judgment based upon findings not so supported must be set aside. There is no question as to the correctness of the rule, but we are of the opinion that it is not applicable here. The questioned finding is so supported.

In workmen's compensation cases, as in other cases, an appellate court, in determining whether or not a finding of the trial court is supported by substantial evidence, considers only that evidence and the reasonable inferences deducible therefrom, which support the finding, and this evidence and these inferences are viewed in their most favorable light to support the finding. Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1 (1962); Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct.App.1968); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct. App.1967).

We shall not endeavor to detail all the evidence which, together with the reasonable inferences deducible therefrom, supports the finding. However, we do call attention to the following:

(1) This case was tried on August 16, 1967. On June 1, 1967, one of the doctors who testified on plaintiff's behalf gave a written report in which he stated:

"The disability of the cervical spine and the lumbo-sacral spine has resulted in a 10% permanent disability of the body as a whole. In all probability this patient will be able to return to his regular duties as a laborer, if he learns to accept his disability and take care of it."

(2) The entire medical file of plaintiff, as kept by the Los Alamos Medical Center, was received into evidence upon stipulation. This record covered a period of almost twenty years and included references to at least four prior low back injuries and an injury to the shoulders. Both doctors who testified for plaintiff had examined but not treated him for his injuries. They admitted that they had no knowledge of these prior injuries, and that knowledge thereof would have been helpful in evaluating plaintiff's disability. One doctor testified that knowledge of a certain one of these low back injuries would have enabled him to make "a better evaluation."

(3) There were discrepancies in the history furnished by plaintiff to these two doctors, as well as in his symptoms which he described and displayed to them.

(4) A doctor called by defendants, who was one of the treating doctors, testified that plaintiff had never complained of any low back pain connected with the injuries for which this suit was filed, and, consequently, he had not examined plaintiff's lumbo-sacral area. Plaintiff did complain to this doctor about pains in his neck, which he stated seemed to be brought on by damp weather. He also complained of dizziness when he bends over, but stated this was relieved when he straightened up. The doctor made an examination of the cervical area, but related no disability to this area. He evaluated plaintiff's disability as between 5% and 20% of the right wrist, which had been fractured, and between 5% and 20% of the left elbow, because of the fracture of the radial head of that arm.

In addition to the foregoing evidence, the trial court had the opportunity of observing plaintiff and evaluating his testimony, which was contradictory in some respects.

■■■ Although none of the doctors evaluated the extent of plaintiff's disability at 30%, this evaluation by the court was well within the range of disability supportable by the evidence. The trial court was not bound to accept the percentage evaluations of any one of the three doctors. Medical testimony, like other expert evidence, is intended to aid but not to conclude the trier of the facts in determining the extent of disability. Seal v. Blackburn Tank Truck Service, 64 N.M. 282, 327 P.2d 797 (1958); Seay v. Lea County Sand and Gravel Company, 60 N.M. 399, 292 P.2d 93 (1956).

■■■ The purpose of a medical opinion as to the percentage of disability is to assist the trier of the facts in arriving at a correct determination of the extent of claimant's disability, and a percentage opinion may be disregarded if there is other competent evidence to support the award. Seal v. Blackburn Tank Truck Service, supra. This is of necessity true when more than one expert gives an opinion as to

the percentage of disability, and these percentages differ. In this situation, all but one of such percentage opinions must necessarily be rejected, and all may be rejected. If some of these percentage opinions can be rejected by the trier of the facts, then what logical reason can there be for requiring the trier of the facts to accept one but reject the others?

Here, the trial court, as the trier of the facts, rejected all the medical opinions as to the percentage of plaintiff's disability. This he could properly do. He arrived at a different percentage, which was properly within his province as the trier of the facts, so long as it was supported by substantial evidence. As stated above, we have concluded it was so supported.

Plaintiff relies upon Ross v. Sayers Well Servicing Company, supra, asserting that the decision in that case is here controlling, because in that case it was held that uncontradicted medical testimony as to disability must be accepted, and that the uncontradicted medical testimony here is that plaintiff was at least 50|% permanently disabled.

Plaintiff must fail in this contention for at least three reasons:

First, the medical testimony as to the percentage of disability, as above stated, was not uncontradicted.

Secondly, the opinion in Ross v. Sayer Well Servicing Company, supra, did not hold that the trial court is bound to accept uncontradicted medical testimony as to the percentage of disability, contrary to the opinion in Seal v. Blackburn Tank Truck Service, supra. A careful reading of the opinion in Ross v. Sayers Well Servicing Company, supra, clearly demonstrates that the exception stated in that case to the general rule, that the opinion of an expert, although uncontradicted, is not conclusive of a fact issue, is limited to the establishment, as a medical probability, of the causal connection between the accident and the disability as expressly required by § 59-10-13.3(B), N.M.S.A. 1953 (Repl. Vol. 9, Pt. 1). See also Van Orman v. Nelson,

78 N.M. 11, 427 P.2d 896 (1967); Williams v. City of Gallup, 77 N.M. 286, 421 P.2d 804 (1966).

■ Thirdly, the testimony of the doctor, who gave it as his opinion that plaintiff's disability was 50%, is the one who gave the written report of June 1, 1967, to which reference is above made; on the Friday evening before the trial, at a conference with counsel for both sides, in response to a direct inquiry by one of defendant's counsel as to the percentage of plaintiff's disability, this doctor would not give an opinion as to percentage disability; as stated above, this witness admitted he had no knowledge of plaintiff's prior injuries, and that knowledge thereof would have been helpful in evaluating plaintiff's disability; and, also, as stated above, there are discrepancies in the history furnished and the symptoms described and displayed by plaintiff to this and plaintiff's other medical witness. These circumstances cast such doubt upon the accuracy of his in-court percentage evaluation, and render his testimony so equivocal, that the trial court's failure to accept his percentage opinion of plaintiff's disability could not possibly be said to have been arbitrary. See State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967);

Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940).

Plaintiff's reliance upon Ortega v. New Mexico State Highway Department, supra, relates to the fact that plaintiff suffered a congenital defect in his lumbar spine, and that the existence of this prior defect would not prevent recovery of compensation. This has no relevancy to the issues presented, or to the disposition which we make of these issues.

His reliance upon Reed v. Fish Engineering Corporation, supra, relates to his contention that the prior injuries, referred to in his medical file kept by the Los Alamos Medical Center, "have absolutely no bearing in this case." Nothing said in the opinion in the Reed case supports this contention. The medical file was admitted by stipulation. It was used in conducting cross-examinations of plaintiff's medical experts, and, as above stated, they both admitted that had they possessed knowledge of some of the prior injuries referred to in this file it would have been helpful in evaluating plaintiff's disability.

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.