493 P.2d 972

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ernie J. PAGE and Santiago M. Sanchez, Defendants-Appellants.**

**No. 724.**

Court of Appeals of New Mexico.

Jan. 14, 1972.

Certiorari Denied Feb. 9, 1972.

Robert E. Sabin, Atwood, Malone, Mann & Cooter, Roswell, for appellant Sanchez.

Paul J. Kelly, Jr., Hinkle, Bondurant, Cox & Eaton, Roswell, for appellant Page.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COWAN, Judge.

Defendants appeal from judgments and sentences following their convictions in Chaves County, New Mexico, of the crime of burglary, contrary to § 40A–16–3, N.M. S.A.1953 (Repl.Vol. 6).

We affirm.

Viewed in a light most favorable to the state and in favor of the verdicts of conviction, the evidence discloses: A liquor store on the west side of south Main Street in Roswell, New Mexico, was equipped with a silent burglar alarm connected with the Roswell Police Department. On Sunday, December 13, 1970, at 3:39 P.M., the police radio operator noted the alarm was activated and broadcast this information to officers on patrol.

An officer was in his patrol car one block north of the liquor store. When he heard the broadcast he started driving south toward the store. He looked in that direction and saw a blue car back from the south side of the liquor store into an alley behind the store, then drive north and turn west onto Wildy Street. The drive-in window of the liquor store, which had been broken to effect entry, was on the south side of the store.

The officer, having travelled one block south on Main, turned right onto Wildy and followed the blue car. At 3:40 he reported by radio that he had started to the scene and at 3:41 he reported that he had sighted and was following the vehicle.

He observed two persons in the front seat of the car and one in the back. He turned on his red light and honked his horn, but did not use his siren. The blue car continued at a slow rate of speed, obeying two stops signs, then turned into a driveway four or five blocks from the liquor store, stopping at 3:44 P.M. The defendants were in the front seat and one

Manuel Quinones was in the back. There were nine bottles of various kinds of liquor under a blanket on the floor behind the front seat. This liquor was identified as having been taken from the liquor store.

Quinones pled guilty to burglary and appeared as a witness on behalf of the defendants. He testified that he alone broke into the liquor store, not being aware of the burglar alarm, took the nine bottles of liquor and hid them in the alley behind the store. He saw the defendants, with whom he was acquainted, driving south on Main Street in front of the store. He yelled and whistled at them, getting their attention. They turned west from Main Street onto Oliver Street, south of the store, then entered the alley behind the burglarized store. When they stopped, Quinones asked them for a ride and they consented. He picked up the nine bottles of liquor and got into the car, telling the defendants that he had obtained the liquor from a bootlegger. They then drove north in the alley and turned west on Wildy Street. Shortly thereafter he observed the police car driving behind them.

Both defendants' testimony was substantially the same as that of Quinones. Both denied that they had anything to do with the burglary of the liquor store.

The defendants urge under point one that "the circumstantial evidence upon which the defendants' convictions rest fails to exclude every other reasonable hypothesis except the guilt of the defendants and the court erred in refusing to direct verdicts of acquittal." They argue under point two that the trier of fact cannot disregard the uncontradicted testimony of witnesses and that the trier of fact may not pile inference upon inference to arrive at a verdict of guilt. We cannot agree that the testimony of the defendants' witnesses was uncontradicted. The facts set forth, together with the reasonable inferences flowing therefrom, contradicted that testimony.

Thus, the issue raised under these points is one of substantial evidence to

support, or reasonably tending to support, the convictions. Where circumstances alone are relied upon, they must point unerringly to the defendant and be incompatible with and exclude every reasonable hypothesis other than guilt. State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App. 1967). However, as in *Hinojos,* the rule is not applicable here, there being both circumstantial and direct evidence supporting the verdicts.

We are not permitted to weigh the evidence or substitute our judgment for that of the jury and trial court below. Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970). With reference to the testimony of Manuel Quinones and the two defendants, we deem persuasive the language of the Supreme Court in Gebby v. Carrillo, 25 N.M. 120, 177 P. 894 (1918):

"From the above we believe that the credibility of his evidence was for the jury. In addition to the above, the jury saw the witness, observed his manner and demeanor while testifying, his apparent candor and frankness, and upon all the facts, and from personal observation, they refused to give credence to his story, and held, necessarily, that he had failed to meet the burden which the law cast upon him. The trial court, having like opportunities for observation and determining the credibility of the witness and the truthfulness of his story, refused to set aside the verdict."

We cannot say as a matter of law that there was not substantial evidence to support the jury's verdict. See State v. Chavez, 83 N.M. 349, 491 P.2d 1160 (Ct.App.).

Defendants next complain, under point three, that the court erred in separating the jury following submission of the case. The jury deliberated from approximately 3:45 P.M. until 6:45 P.M. Without objection from the defendants, the court, on its own volition, then released the jurors until the following morning at 9:00 A.M. Defendants' objection to this procedure was raised by motion following their convictions. Although there is a question as to whether the issue is properly before this court, which we do not decide, we hold the defendants' position under this point to be without merit, under the rule announced by this court in State v. Atwood, N.M. App., 83 N.M. 416, 492 P.2d 1279 (No. 685) decided December 3, 1971):

". . . [I]t is within the trial court's discretion to permit the separation of jurors after submission of the cause to the jurors. Defendant not having shown any prejudice resulting from the permitted separation in this case, defendant's contention is without merit."

Finding no error, we affirm the judgments and sentences.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., specially concurring.

WOOD, C. J., not participating.

SUTIN, Judge (specially concurring).

I disagree with the quotation from State v. Atwood, No. 685, N.M.App., 83 N.M. 416, 492 P.2d 1279, decided December 3, 1971, on sequestration of the jury. I specially concur because in this case the separation of jurors after submission of the cause was free of any objection by defendants. The defendants waived their rights. If error could be raised after conviction, no defendant would request sequestration before submission of the cause. It is important in criminal cases to sequester a jury after submission of the cause. The Supreme Court by rule, or the legislature by enactment, should impose this duty on the trial court whether objection to separation is made by defendants or not. Prejudice resulting to defendants is presumed unless the state makes a showing to the contrary.

Defendants also contend the evidence is uncontradicted that defendants did not participate in any way in the burglary and

this uncontradicted evidence must be taken as true. "As a general proposition, unimpeached and uncontradicted sworn testimony must be accepted as true." State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967). This rule has several exceptions. It loses its effect when facts and circumstances are present, or contradictory inferences arise, which cast some reasonable doubt on the testimony. Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970). The testimony of the defendants and Quinones was positive evidence of innocence, but the facts and circumstances and inferences to be drawn cast some reasonable doubt on the conclusiveness of defendants' testimony. The issue of innocence became a question of fact for the jury.

Perhaps it should be mentioned at this point that it is not wise to avoid the doctrine of circumstantial evidence by ruling that it is not applicable where "there is both circumstantial and testimonial evidence," State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967), or where there are "both circumstantial and direct evidence supporting the verdicts" in the majority opinion. See 1 Wigmore on Evidence, §§ 24, 25, 26 (3rd Ed. 1940), and Supplement 1970.

In 3 Wharton's Criminal Evidence, § 980, p. 472 (12th Ed. Anderson 1955), it is stated:

As a legal matter, however, there is no distinction between direct and circumstantial evidence.

In my opinion, there was no eyewitness testimony that the defendants made an unauthorized entry into the liquor store with intent to commit any felony or theft therein, or aided and abetted Quinones. The testimonial evidence of the police officer was only circumstantial. But the facts proven by the state from which reasonable inferences could be drawn were sufficient to submit the issue of burglary to the jury, and from which the jury could find the defendants guilty beyond a reasonable doubt.