JOHNS–MANVILLE SALES CORPORA-
TION, a corporation, Appellant,

v.

RELIANCE INSURANCE COMPANY,
a corporation, Appellee.

No. 22290.

United States Court of Appeals
Ninth Circuit.

April 22, 1969.

James K. LeValley (argued), of Kramer, Roche, Burch, Streich & Cracchiolo, Phoenix, Ariz., for appellant.

Gary G. Keltner (argued), William F. Haug, of Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for appellee.

Before JERTBERG, BROWNING and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant Johns-Manville Sales Corporation instituted this action in the Superior Court of Maricopa County, Arizona, to recover the sum of $15,252 from appellee Standard Accident Insurance Company, now merged with and known as Reliance Insurance Company. Appellee removed the case to the United States District Court for the District of Arizona. There is no question as to jurisdiction, and the parties agree that the case must be decided under Arizona law. The question presented is whether appellant can recover on the bond issued by appellee.

One of the defendants in this action, Ellsworth H. Ewald, doing business as Ewald Contracting Company, entered into a contract in 1963 with Mountain States Telephone and Telegraph Company for the construction of manhole and transit conduit ducts in Tempe, Arizona. The contract provided that Ewald should furnish the materials necessary for the job and, in Article 11, gave the Telephone Company the right to require "a bond covering the full and faithful performance of the contract [a performance bond] and the payment of all obligations arising thereunder," [a payment bond]; the Award of Bid Letter, incorporated into the contract, provided that "A Performance and Payment Bond *will* be re-

quired." Ewald, as principal, and appellee (the Insurance Company), as surety, executed and delivered to the Telephone Company, as obligee, a performance bond which incorporated the job contract, guaranteed its performance, and protected the obligee against loss or damage; no payment bond was ever issued by appellee. The Telephone Company accepted the performance bond but never requested a payment bond.

Appellant claims to have delivered to Ewald materials having a value of $15,-252 for use in the bonded job. Appellant was not paid for these materials, and sought to reach the performance bond as a third party beneficiary. The District Court Judge, William P. Copple, found that there existed no genuine issue as to any material fact and that appellee was entitled to a judgment against appellant as a matter of law. Appellee's Motion for Summary Judgment was therefore granted, and appellant's Motion for Summary Judgment was denied. This appeal followed.

Appellant asserts three grounds for permitting recovery on appellee's performance bond. Under the first theory, appellant claims the Arizona Supreme Court's decision in Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661 (1956) compels a ruling that the performance bond was converted, by virtue of Article 11 of the contract and the Award of Bid Letter, into a performance *and payment bond* for appellant's benefit so that appellant was entitled to recover on the bond. We think this claim is incorrect.

■ Under Arizona law, which governs, a third person can recover on a contract to which he is not a party only if the contract reveals that the parties to the contract intended that the contract would directly benefit the third party or a class of which he is a member. Pioneer Plumbing Supply Company v. Southwest Savings and Loan Association, 102 Ariz. 258, 428 P.2d 115 (1967); Irwin v. Murphey, 81 Ariz. 148, 302 P.2d 534 (1956). Arizona has permitted materialmen to sue and recover on performance bonds in the absence of

an express provision that the bond was for their benefit where the intention to benefit materialmen was manifested by an express condition for their direct payment. Webb v. Crane Company, 52 Ariz. 299, 80 P.2d 698 (1938); Ed Stearman & Sons v. State, 1 Ariz.App. 192, 400 P.2d 863 (1965). In Porter v. Eyer, supra, which also permitted recovery, the bond was required by and executed pursuant to a statute (later repealed) which prescribed its terms and thereby conditioned it upon direct payment of materialmen. The court stated (80 Ariz. at 171, 294 P.2d at 662):

"Generally speaking, in order that a suit be maintainable on a contractor's bond by or for the use of a materialman the bond must be construed so as to include the materialman within its coverage, i. e., to give him some beneficial interest therein. Hence in the instant case if the judgment entered [in favor of the materialman] is to be sustained it must be because the following statute, which was then in force and effect, brought plaintiff [the materialman] within the coverage of the bond."

■ The performance bond in the instant case is similar to the one involved in *Porter* and unlike the ones in *Webb* and *Stearman* in that it does not contain an express condition for the direct payment of materialmen. However, unlike the bond in *Porter*, the bond in the instant case was not required by or executed pursuant to a state statute; thus legislative intent cannot be used to supply the missing condition for payment of materialmen.

Appellant contends that the contract, incorporated into the bond, required both a performance and payment bond, and that this provision had the same effect as the statutory requirement in *Porter*. No Arizona court has upheld this contention that a contracting party, such as the Telephone Company, can by its unilateral declaration of intention to require a payment bond, the terms of which are not prescribed, thereby convert a non-statutory bond for the per-

formance of a construction contract into a bond for payment of materialmen. In this case, appellee was not paid for and did not furnish a payment bond; the bond issued was a non-statutory performance bond, not conditioned on the payment of materialmen; the Telephone Company, despite the language in the contract, accepted the performance bond as sufficient; and it does not appear that appellant relied on the performance bond for protection against non-payment. Under these circumstances, the Arizona cases cited above do not permit materialmen to recover on the bond.

Under the second theory, appellant claims that by supplying material to a contractor for installation on public property, appellant became entitled, under the authority of Webb v. Crane Company, supra, and Wells-Stewart Construction Co. v. Martin Marietta Corporation, 103 Ariz. 375, 442 P.2d 119 (1968), to recover on the performance bond because the bond contained a condition for appellant's benefit and because the same public policy consideration, which led the court in *Webb* and *Wells-Stewart* to allow a materialman to recover, are also present here. We think this claim is incorrect.

As stated above, we do not believe that the bond in the instant case contained a condition for appellant's benefit as interpreted by Arizona law. Unlike *Webb* and *Wells-Stewart*, the bond was not conditioned on the direct payment of materialmen. Under these facts, the public policy considerations involved in *Webb* and *Wells-Stewart* are not sufficient to permit recovery on the performance bond in this case.

Under the third theory, appellant claims that even if the bond was strictly a performance bond, appellant, as a third party beneficiary thereof, was entitled to recover on the bond because the contractor (Ewald), by failing to post a performance and payment bond and by failing to properly furnish and pay for the goods called for under the contract, did not fully perform the con-

tract, full performance of which was guaranteed by the bond. We think this claim is incorrect.

As stated above, we do not believe appellant can sue as a third party beneficiary in this case because the performance bond did not contain a sufficient condition for appellant's benefit as required by Arizona law. We find no authority for appellant's theory under any of the Arizona cases cited previously. Moreover, Judge Copple found no basis for granting appellant recovery and we rely on his familiarity with Arizona law in reaching the same result.

The judgment is Affirmed.