471 P.2d 154

**MINE & SMELTER SUPPLY COMPANY,**
a Colorado corporation, Plaintiff
and Respondent,

v.

**GENERAL INSURANCE COMPANY OF
AMERICA, Forcht Electric, Inc., and William C. Forcht; and The Brezina Construction Company, Inc., Defendants and Appellant.**

**No. 11907.**

Supreme Court of Utah.

June 12, 1970.

Allan E. Mecham, of Clyde, Mecham & Pratt, Salt Lake City, for defendants-appellant.

D. Clayton Fairbourn, of Turner & Fairbourn, Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice.

The plaintiff commenced this action in the District Court to recover for electrical materials, supplies and fixtures used in the construction of a public building known as Trade Technical College Administration Building. Brezina Construction Company was awarded the general contract for the construction of the building and it entered into a subcontract with Forcht Electric, Inc., for the installation of the electrical system including fixtures, appliances and other electrical equipment. The defendant General Insurance Company of America supplied a surety bond required by the provisions of Section 14-1-5, U.C.A.1953, as amended.

The defendants Brezina Construction Company and General Insurance Company of America filed a counterlcaim against the plaintiff claiming fraud and misrepresentation on the part of the plaintiff.

During the course of the proceedings in the court below Brezina Construction Company was dismissed from the action upon stipulation of the parties. After a trial judgment in the sum of $41,296.72, together with costs and attorneys' fees, was awarded the plaintiff against the defendant General Insurance Company of America. General Insurance Company is here seeking a reversal of that judgment.

General Insurance Company of America claims that the trial court erred in the fol-

lowing particulars: (1) that the court erred in holding certain instruments entitled waivers of lien to be receipts and not releases; (2) that the bond upon which this action is based was not offered in evidence; (3) that the court included in its judgment the costs of materials used upon other jobs; and (4) that the court erred in denying appellant's defense of estoppel.

■ As to the first assignment of error the record shows that Brezina Construction Company initiated the practice of having suppliers of materials execute an instrument entitled "Waiver of Lien" which it furnished. Payments were made to Forcht Electric Company only after it had obtained an executed copy of the instrument. The instrument contained the following language:

> I, the undersigned * * * in consideration of the sum of $____ paid to me, the receipt of which is hereby acknowledged, hereby waive and release all lien or right of lien now existing or that may hereafter arise for work or labor performed, or materials furnished on or before the ____ day of _____, 19___, for the improvement of the following described property: * * *.

The trial court concluded that the instrument was ambiguous inasmuch as a right of lien against a public building is not sanctioned by the statutes.[1] The court fur-

ther concluded that the instrument was a receipt for the payment of money for the invoices listed thereon. We perceive no error in the court's ruling.

■ As to the second claim of error General Insurance contends that it was error for the trial court to enter judgment against it inasmuch as the bond it supplied was not offered or received in evidence. An examination of the pleadings reveals that General Insurance admitted by its answer that it supplied the surety bond we are here concerned with. No issue was raised by the pleading in which General Insurance contended that it was not liable on its undertaking. It would appear that this matter was first raised in this court and was not called to the attention of the trial court. We are of the opinion that appellant's contention respecting the bond is without merit.

■ Appellant's third claim of error goes to the problem of whether or not the judgment of the court included items of materials supplied by the plaintiff to Forcht Electric which were used on other jobs. During the course of the proceedings in the court below and by agreement of the parties, a master was appointed by the court to make a determination of the materials used in the construction and completion of the subcontract and the cost thereof. The master appointed by the

1. Sec. 38-1-1, U.C.A.1953.

court was Main LaFrentz & Co., an accounting firm of Salt Lake City. The master made an examination of the records of Forcht Electric, Inc., and in addition thereto it employed an electrical estimator who made a physical examination of the building in question to determine by physical inspection what electrical materials and supplies had been incorporated in the structure. After the master's report had been submitted to the court, the court conducted a hearing in respect to various disputed items included within the report. During several days of trial the respective parties produced evidence for and against their contentions pertaining to the costs of the materials used in the construction of the building. There was evidence that Forcht Electric, Inc., did use materials delivered to the building site on other jobs. However, the record shows the electrical contractor replaced materials from other sources.[2]

The trial court having made its findings on the disputed evidence, we are not inclined to substitute our judgment for that of the trial judge.[3]

■ General Insurance Company's fourth claim of error has to do with its defense of estoppel. As a basis for its claim, General Insurance Company urges that the plaintiff was aware of the fact that Forcht Electric, Inc., was insolvent, that it failed to make that fact known to Brezina or to the appellant, and further, that the plaintiff permitted the Forcht account to remain delinquent and unpaid in the approximate sum of $35,000. It goes without saying that Brezina having employed Forcht Electric, Inc., as its subcontractor could have provided by the contract such controls as it deemed necessary to insure the payment for materials used in the construction, and it could have provided for such supervision of the work so as to protect itself against the claims of suppliers of materials for delinquency in payment by the subcontractor. General Insurance Company in supplying the bond could have likewise contracted for a system of controls and supervision which would have protected against the loss we are here concerned with. The appellant having failed to take necessary steps to protect itself against loss cannot now shift the burden to the plaintiff to provide that protection. We are of the opinion that the appellant's claim of an estoppel is without merit.

Our examination of the record in this case does not reveal error which would

2. Commercial Standard Ins. Co. v. United States for Use of Crane, 10 Cir., 213 F. 2d 106; Fourt v. United States for Use of Westinghouse Electric Supply Co., 10 Cir., 235 F.2d 433.

3. Bear River State Bank v. Merrill, 101 Utah 176, 120 P.2d 325; Tracy Loan & Trust Co. v. Openshaw Inv. Co., 102 Utah 509, 132 P.2d 388; Beagley v. United States Gypsum Co., 120 Utah 487, 235 P.2d 783.

justify a reversal. The judgment of the court below is affirmed. Respondent is entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.