945 P.2d 363

**Francis HUDNELL, Plaintiff–Appellee, Cross Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY, Garnishee–Appellant, Cross Appellee.**

**No. 1 CA–CV 96–0419.**

Court of Appeals of Arizona, Division 1, Department A.

April 3, 1997.

Reconsideration Denied May 7, 1997.

Review Denied Oct. 21, 1997.

Ridenour, Swenson, Cleere & Evans, P.C. by Harold H. Swenson, Scott A. Holden, Phoenix, for Allstate Insurance Co.

Elonica J. Poggi, P.C. by Elonica J. Poggi, Phoenix, for Hudnell.

### OPINION

TOCI, Judge.

Allstate Insurance Company ("Allstate") appeals from the trial court decision holding it liable as garnishee for a judgment in favor of Francis Hudnell against Michael Drobitsky, an insured under an Allstate homeowner's policy. The $111,000 net judgment arose from an accident that occurred when Drobitsky, test driving his all-purpose dirt bike after having made repairs on it in his driveway, collided with Hudnell on an unpaved, public street a short distance from Drobitsky's home.

Although the Drobitsky policy excluded coverage for bodily injury arising from the use of a motor vehicle, the policy excepted from the exclusion vehicles "designed principally for recreational use off public roads" when they are used on the insured premises. The trial court found that the dirt bike was designed principally for recreational use and that the insured premises included the public road where the accident occurred because the insured used it as part of his repair

activity that began at his residence. It therefore concluded that the exclusionary clause did not apply. We reverse the latter finding and remand for further proceedings.

Hudnell unsuccessfully sought an award of attorneys' fees in the trial court, and he cross-appealed from the denial of fees. In light of our conclusion that the accident was not covered under Drobitsky's policy, we do not reach his argument that the trial court erred in denying a fee award.

## I. DISCUSSION

### A. Standard of Review

On appeal, we view the evidence in the light most favorable to the prevailing party and affirm if any evidence supports the judgment. *Paul Schoonover, Inc. v. Ram Constr., Inc.,* 129 Ariz. 204, 205, 630 P.2d 27, 28 (1981). We are not bound, however, by the trial court's decisions on questions of law. *Premier Fin. Servs. v. Citibank,* 185 Ariz. 80, 87, 912 P.2d 1309, 1316 (App.1995). "The interpretation of an insurance contract, including whether its terms are ambiguous or uncertain, is a question of law" that we review de novo. *Thomas v. Liberty Mut. Ins. Co.,* 173 Ariz. 322, 324, 842 P.2d 1335, 1337 (App.1992).

### B. The Issue

The Allstate homeowner's policy excludes from coverage "bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer." But, this exclusionary clause does not apply to "any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises."

Pursuant to the above provision, if the dirt bike was not designed "principally for recreational use off public roads," or was "being used away from an insured premises," we must reverse the trial court's decision. Although we agree with the trial court that the dirt bike was "designed principally for recre-

ational use," we find that it was used "away from [the] insured premises."

### 1. Designed Principally for Recreational Use Off Public Roads

■ Allstate first argues that Hudnell failed to produce evidence sufficient to support the trial court's finding that the motorcycle was "designed principally for recreational use off public roads." It claims that to meet his burden, Hudnell had to present more than Drobitsky's testimony regarding the recreational use of the vehicle. For example, Allstate argues that Hudnell should have provided evidence from other sources, such as the manufacturer, regarding the vehicle's principal use. Furthermore, it claims that Drobitsky never testified that the vehicle was designed principally for off-road use but instead testified that it could be used on or off-road.

■ Although the insurer has the burden of proving that a policy exclusion is applicable, see United American Life Insurance Co. v. Beadel, 13 Ariz.App. 196, 200, 475 P.2d 288, 292 (1970), the insured carries the burden of proving that his claim falls within an exception to that exclusionary clause. See, e.g., Gooden v. Transamerica Ins. Corp. of Am., 166 Mich.App. 793, 420 N.W.2d 877, 878–79 (1988). Hudnell, therefore, had the burden of proving that the dirt bike was designed principally for recreational use off public roads.

■ We conclude that Hudnell met his burden of proof on this issue. Drobitsky testified that the vehicle was an "open-class dirt bike" that he purchased principally for recreational use off-road. He explained that significant differences exist between that type of vehicle and a vehicle designed for street use, such as differences in the types of wheels, tires, headlights, tail lights, and engines. Drobitsky also testified that although the dirt bike could be legally driven on public streets, it did not have a speedometer and that he would not often ride the bike on the street because it was not designed to give a "comfortable ride" when driven on the road. This testimony supports the trial court's determination that the dirt bike was designed "principally for recreational use off public

roads," and therefore fell within the exception to the exclusion. See Paul Schoonover, 129 Ariz. at 205, 630 P.2d at 28 (appellate court will uphold trial court judgment if any evidence supports it).

We are not persuaded by Allstate's argument that Drobitsky's testimony alone is insufficient to support the trial court's finding. His testimony clearly indicates that he could distinguish between motorcycles designed for use off-road and those designed for use on the streets. He gave satisfactory technical reasons explaining why his dirt bike was not designed to ride on the street. We therefore conclude that the trial court did not err in relying on Drobitsky's testimony. See K & K Mfg., Inc. v. Union Bank, 129 Ariz. 7, 9, 628 P.2d 44, 46 (App.1981) (appellate court will not weigh conflicting evidence or set aside trial court's findings unless clearly erroneous).

### 2. Public Street is Not Part of the Insured Premises

■ Allstate's policy covers this accident and Hudnell's injuries only if the motorcycle was used on the "insured premises." The policy defines "insured premises" as "any premises used by an **insured person** in connection with the **residence premises.**" "Residence premises" includes only "the *dwelling*, other structures and land located at the address stated on the Policy Declarations."

Hudnell was injured on a public street some distance from the "residence premises." It is therefore undisputed that the collision did not take place on the "residence premises," which consist only of the property located at Drobitsky's street address. The trial court determined, however, that the insured premises included the public street because "[t]here's no exclusion of a public street or of a premises just because it is a public street."

Allstate cites United Services Automobile Association v. Parry, 158 Ariz. 83, 761 P.2d 157 (App.1988), to support its claim that a public street may not be used "in connection with the residence premises." In Parry, the insured's child operated a go-cart on a dirt lot and adjoining street located a considerable distance from the insured's residence.

158 Ariz. at 84, 761 P.2d at 158. The policy defined "insured location" substantially the same as the policy here defines "insured premises." *Id.* at 85, 761 P.2d at 159. The court determined that the accident site was not used "in connection with" the residence premises because it was a common area designed to collect run-off and was located "a distance" from the insured's residence. *Id.* at 86, 761 P.2d at 160. Because the accident did not occur on a public street and the court did not determine the "precise reach" of the policy provision, *Parry* does not control this case. *See id.*

Allstate cites numerous cases to support its claim that "insured premises" cannot include public streets. *See Allstate Ins. Co. v. Shofner,* 573 So.2d 47, 49–50 (Fla.App.1990) (operation of vehicle on public street one block away is "used away from an insured premises"); *State Farm Fire & Casualty Co. v. Mann,* 172 Ill.App.3d 86, 122 Ill.Dec. 130, 134–35, 526 N.E.2d 389, 393–94 (1988) (accident occurring near highway is not the "insured premises" even though the accident potentially began with the insured premises); *Allstate Ins. Co. v. Panzica,* 162 Ill.App.3d 589, 114 Ill.Dec. 28, 29, 515 N.E.2d 1299, 1300 (1987) (intersection of two public streets miles away from insured premises); *Mahlum v. Baker,* 639 So.2d 820, 822, 824 (La.App. 1994) (accident on public road was not part of the "premises"); *Illinois Farmers Ins. Co. v. Coppa,* 494 N.W.2d 503, 506 (Minn.App.1993) (neighbor's hayfield not "used in connection with" residence premises); *Williamson v. Home Ins. Co.,* 778 S.W.2d 281, 283 (Mo.App. 1989) (site across a field and two streets down is not contiguous with residence premises, and does not constitute "premises"); *Falkosky v. Allstate Ins. Co.,* 311 S.C. 369, 429 S.E.2d 194, 195, 196 (App.1993), *modified on other grounds,* 312 S.C. 210, 439 S.E.2d 836 (1993) (riding recreational-type motorcycle on vacant lot near the insured's home constitutes use "away from [the] insured premises").

Although the above cases deal with similar homeowner's policy provisions and exclusionary clauses with comparable exceptions, these cases do not dispose of the issue Allstate raises here: whether a public street is used "in connection with" residence premises. Instead, the court in each of the cited cases denied coverage because the accident did not occur on the insured premises. To determine if the insured premises included the injury site, the courts generally focused on the location of the accident, rather than whether it was a public area. *See, e.g., Parry,* 158 Ariz. at 86, 761 P.2d at 160 (the court in part relied on fact that the accident site was a distance away from the insured location in determining that the site was not used "in connection with" the residence premises); *Coppa,* 494 N.W.2d at 506 (neighbor's adjacent hayfield not "used in connection with" residence premises); *see generally,* 7A John Alan Appleman, *Insurance Law & Practice* § 4500.02, at 191 (rev. ed. 1979) (emphasis is on location of loss). Not one of the cases cited above denied coverage solely because the accident occurred on a public street, nor did they hold that premises used "in connection with" residence premises could not include a public street.

Here, the trial court concluded that the exception in the policy applied because Drobitsky used a portion of the adjoining street "in connection with [his] residence premises" when he took the dirt bike for a test drive. The court distinguished Drobitsky's case from one where the insured uses the vehicle to "go somewhere on a street." The court reasoned that, rather than going somewhere on the street, Drobitsky used the street as "part of his repair activity." At least one court, however, has rejected such an interpretation. *See Mann,* 122 Ill.Dec. at 134–35, 526 N.E.2d at 393–94 (rejecting argument that because activity began on insured premises, policy covered injuries occurring off the insured premises).

The purpose of a vehicle exclusion in a homeowner's policy is to require the insured to obtain specific liability insurance on motor vehicles except under the limited exceptions enumerated in the policy. *See Shofner,* 573 So.2d at 50; Appleman, *supra* § 4500.02, at 191 (general liability policies exclude bodily injury or property damage arising from automobile use because such risks are subject to separate insurance). The trial court's interpretation is contrary to this purpose and

presumably extends coverage to any instance where the insured chooses to use a public street to continue an activity he performed on his residence premises. Under the trial court's rationale, the policy would cover Hudnell's personal injuries even if Drobitsky had ridden the vehicle some distance to buy parts needed to continue the repairs he began in his driveway. This overly broad interpretation of the exception to the exclusion blurs the distinction between homeowner's and automobile insurance.

Furthermore, the exception expressly limits the vehicles excepted from the exclusion to those "designed principally for recreational use off public roads." To hold, as the trial court did, that "insured premises" includes public roads when the policy specifically limits coverage to vehicles not intended for use on public roads renders the exception meaningless. *See Allstate Ins. Co. v. Gutenkauf*, 103 Ill.App.3d 889, 59 Ill.Dec. 525, 528, 431 N.E.2d 1282, 1285 (1981) (if "insured premises" included area of lake located ten to fifteen feet from shore, lack of geographical limit renders definition of "insured premises" absurd). For these reasons, we conclude that the trial court erred.

## II. CONCLUSION

Based on the foregoing, we find that sufficient evidence supports the trial court's conclusion that the dirt bike was "designed principally for recreational use off road." We find, however, that the public street where the accident occurred was not part of the "insured premises." Accordingly, the exception to the exclusion does not apply, and the policy does not provide coverage for the accident. We therefore reverse the judgment and remand to the trial court for entry of judgment consistent with this opinion.

GRANT, P.J., and RYAN, J., concur.