DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, appellants, Susan L. and Douglas L. Pierson, appeal a decision from the Ottawa County Common Pleas Court granting summary judgment to appellee, Farmers Insurance of Columbus, Inc. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} This case stems from an accident that occurred on property owned by Lawrence E. Heilman. Heilman owns an earth sheltered home located in Oak Harbor, Ohio. The home is partially underground with a ledge exposed approximately 20 feet over a cement patio. Heilman purchased the property for rental purposes. The property, however, has remained vacant for most of the time Heilman has owned it. In June 2000, appellants' minor son was playing on the property when he fell from the ledge onto the patio. The injuries he sustained ultimately led to his death.
 {¶ 3} On June 4, 2002, appellants brought a wrongful death action against Heilman alleging that he was negligent in failing to use reasonable care to protect their son from an attractive nuisance. At the time of the accident, Heilman's primary residence in Oregon, Ohio was insured under a homeowner's liability policy issued by appellee. A policy covering the Oak Harbor property had been cancelled in 1997. Appellee denied coverage for the accident under Heilman's homeowner's policy. On February 23, 2005, appellants and Heilman entered into a consent judgment entry in which Heilman consented to a judgment in favor of appellants in the amount of $200,000. On October 31, 2005, appellants filed a supplemental complaint against appellee for the amount of the consent judgment. Appellants alleged that appellee breached its insurance contract with Heilman in denying coverage for the June 2000 accident that led to their son's death.
 {¶ 4} Both parties filed motions for summary judgment. At issue was the definition of "insured location" under Heilman's homeowner's policy. On August 17, *Page 3 
2006, the trial court granted summary judgment to appellee. Appellants now appeal setting forth the following assignment of error:
 {¶ 5} "The trial court erred in granting appellee insurer's motion for summary judgment, by concluding that appellee's policy of insurance did not provide coverage for appellant's [sic] injuries because the location where the accident occurred was not an `insured location' as defined in the insurance policy."
 {¶ 6} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 7} " * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 8} Interpretation of an insurance policy is generally a matter of law. Leber v. Smith (1994), 70 Ohio St.3d 548, 553. When interpreting an insurance contract, the intention of the contracting parties is presumed to be reflected in the language of the policy itself. Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 219, 2003-Ohio-5849, at ¶ 11. Thus, when the language of the policy is clear and its meaning unambiguous, courts are limited to a review of the document itself. Gomolka v. State Auto.Mut. Ins. Co. *Page 4 
(1982), 70 Ohio St.2d 166, 168. It is only where there is ambiguity that courts are permitted to apply the rules of construction and interpretation or consider extrinsic evidence of the parties' intent. Westfield, supra, at ¶ 12.
 {¶ 9} The policy language at issue in this case is as follows:
 {¶ 10} "Insured location-means:
 {¶ 11} "a. the residence premises;
 {¶ 12} "b. any other premises you acquire during the policy period for use as a residence;
 {¶ 13} "c. that part of any other premises shown in the Declarations which you use as a residence;
 {¶ 14} "d. any premise you use in connection with the use of the premises included in 10(a), 10(b) or 10(c)."
 {¶ 15} Appellants contend that Heilman used the Oak Harbor property in connection with his residence, thereby making the Oak Harbor policy an insured location under the policy. Specifically, Heilman stored several items at the Oak Harbor property that he used at his primary residence.
 {¶ 16} In California Cas. Ins. Co. v. American Family Mut. Ins.Co., (2004), 208 Ariz. 416, an Arizona Court of Appeals was asked to interpret similar policy language. The case involved two different policies. One was a homeowner's policy and one was for rental property. A tenant who owned a dog asked her landlord to briefly watch the dog in the landlord's home. While there, the dog bit a postal carrier. The postal carrier sued the landlord and the landlord's homeowner's insurance carrier paid a settlement to the postal carrier. The landlord's insurance carrier then sought reimbursement from the tenant's *Page 5 
insurance carrier based on the language in the tenant's policy that defined "insured premises" to mean the rented apartment and "any premises you use in connection with" the rented apartment. The landlord's insurance carrier argued that by asking the landlord to watch her dog, the tenant was using the landlord's premises in connection with her apartment.
 {¶ 17} The Arizona court disagreed. Citing the dictionary, the court noted that the common definition of the word connection is a link, an association or a relationship. The court determined that dog-sitting was not a substantial enough connection for purposes of the policy. The court concluded that the tenant may have used the landlord's house in connection with her dog but not in connection with her apartment. The court further stated:
 {¶ 18} "In determining whether premises are used `in connection with' insured premises, courts generally consider the proximity of the premises, the type of use of the premises, and the purpose of the insurance policy as a whole. See, e.g., United Servs. Auto. Ass'n v.Parry, 158 Ariz. 83, 86, Hudnell v. Allstate Ins. Co., 190 Ariz. 52, 55." California Cas. Ins. Co. v. American Family Mut. Ins. Co., supra at 419.
 {¶ 19} In his deposition, Heilman testified that he purchased the Oak Harbor property in 1981, as a rental investment which proved to be unsuccessful. From 1981 until 2006, the property was vacant 90 percent of the time. In 1997, the landlord policy on the property was cancelled. Heilman testified that in 2000, he used the Oak Harbor property for personal storage for things such as a car, a lawn tractor, a refrigerator, tools, *Page 6 
lawn furniture and shovels. He testified that he only went to the Oak Harbor property every two or three months. He acknowledged that he used his lawn tractor at the Oak Harbor property and at his primary residence in Oregon, Ohio. He also testified that he sometimes brought lawn furniture from the Oak Harbor property to his residence in Oregon.
 {¶ 20} As in California Cas. Ins. Co. v. American Family Mut. Ins.Co., we find the connection between Heilman's Oak Harbor property and his primary residence, for purposes of the policy, to be tenuous. Heilman's primary residence is located in a different city from his Oak Harbor property. He rarely goes there for any reason. While he may take some personal property from there to his primary residence, most of the property remains in Oak Harbor. Much like the tenant in California Cas.Ins. C Id., it can be said that Heilman used his primary residence in connection with his lawn tractor and a few pieces of lawn furniture but he did not use it in connection with his Oak Harbor property. Accordingly, we find that the trial court did not err in granting summary judgment to appellee. Appellants' sole assignment of error is found not well taken.
 {¶ 21} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J. and Arlene Singer, J., CONCUR. *Page 1