

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERCO,<br><br>             Plaintiff - Appellant,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br><br>             Defendant - Appellee. | No. 14-16041<br><br>D.C. No. 2:13-cv-02588-PGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted May 10, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

This is an insurance coverage dispute.  Five plaintiffs filed five shareholder

derivative lawsuits against AMERCO and its directors and officers in Nevada state

court, and the state court consolidated the cases.  AMERCO sought coverage for

costs associated with the consolidated action under its directors and officers

---

         [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

liability policy ("D & O policy"). Its insurer, National Union Fire Insurance Company of Pittsburgh, PA ("NUF"), denied coverage because one of the plaintiffs in the consolidated action, Paul Shoen, was an "Insured" under the D & O policy. AMERCO sued for breach of the insurance contract. The district court granted NUF's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** The district court properly dismissed AMERCO's complaint because AMERCO did not allege that the non-Shoen plaintiffs instigated and continued their claims totally independent of Paul Shoen, an Insured under the policy. The "Insured v. Insured" exclusion in the D & O policy barred coverage for security holders' claims except when "such security holder's claim is instigated and continued totally independent of" any Insured. *See Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 666 (9th Cir. 2009) (interpreting a similar exclusion under Arizona law and explaining that "the [shareholder derivative suit] exception to the exclusion only applies if the claims are 'instigated and continued totally independent of' the corporation"). Under Arizona law, the "insurer has the burden of proving that a policy exclusion is applicable," but "the insured carries

---

[1] The parties agree that Arizona law governs the substantive questions raised here.

the burden of proving that his claim falls within an exception to that exclusionary clause." *Hudnell v. Allstate Ins. Co.*, 945 P.2d 363, 365 (Ariz. Ct. App. 1997).

Here, AMERCO stated in its complaint that the five plaintiffs in the consolidated action were security holders, but it did not allege that the non-Shoen plaintiffs filed or maintained their claims independent of Paul Shoen. In fact, AMERCO conceded in its complaint (and in its briefing to our court) that Shoen participated in the underlying lawsuit. AMERCO therefore failed to carry its burden under *Hudnell* of alleging that the non-Shoen claims fell within the exception to the "Insured v. Insured" exclusion, *see* 945 P.2d at 365, and we affirm the district court's dismissal of AMERCO's complaint on that ground, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

**2.** The district court properly declined to take judicial notice of twenty-five exhibits NUF filed with its motion to dismiss. *See* Fed. R. Evid. 201.

**AFFIRMED.**